*Caldwell, Pirtle & Caruth, for appellees.*

---

## W. H. SMITH *v.* W. J. WATKINS & STOKES.

**Partnership—Evidence.**

The fact that Stokes was the half owner of the house in which the business was conducted and was in the habit of aiding the firm to raise money for the purpose of purchasing the tobacco, tends to prove he was a partner in the business.

### APPEAL FROM WARREN CIRCUIT COURT.

OPINION BY JUDGE PRYOR:

After a careful examination of the testimony presented in this record we are well satisfied that the appellant, Stokes, was a partner with Watkins & Smith in the tobacco venture for the year 1864. The relation as partners had existed between these parties during the years 1861, 1862 and 1863. No dissolution of this relation ever took place so far as the proof shows, and for the year 1864 the business progressed as it had done previously, and the appellee Watkins notified, upon some objections being made to Stokes by him, that Stokes would be kept in the firm as a partner. Stokes was the half owner of the building in which this business was conducted and during the year 1864 was in the habit of aiding the firm to raise money for the purpose of making their purchases of tobacco. It is true that the relation between Stokes and Watkins were not very amicable, but this instead of being an argument against his claim as a partner, tends, as we think, simply to show that he must have had some interest in the enterprise. The mutual dislike between the two parties would have induced Stokes to withdraw all

pecuniary assistance by him to the firm and likely ended in his refusal to permit Watkins to use his interest in the building for the purpose of the partnership and the only way to reconcile the conduct of Stokes to the fact proven is, that he was induced to permit the property to be used of which he was a part owner and to raise money for the business for the reason that he was directly interested in the profits resulting from it. Smith was a competent witness as between Watkins and Stokes. Smith only claimed one-third of the profits of the concern. Watkins claimed one-half, or, in other words, that Smith and himself alone constituted the firm.

He was compelled to pay over, according to his own statements, two-thirds of the profits when, if the position assumed by Watkins is sustained, he would have to account for only one-half. He is testifying directly against his interest and upon the cross-petition of Stokes as well as in the original controversy he was a competent witness to establish other interest in the partnership than his own and Watkins, when that statement, if true, lessened the amount to which he might otherwise be entitled to. Smith's statement leaves no doubt upon the question of partnership and in this he is sustained by the declarations of Watkins made to others who testify in the case, and he is also strongly corroborated by the facts that in all the policies of insurance obtained upon this tobacco during the year 1864, and before this difficulty had its inception, the names of Smith, Stokes and Watkins were used as the owners of the tobacco. The proof shows conclusively that Stokes was a partner. The commissioner very properly excluded the claim of the appellant Smith for interest. The interest account, if the parties are to be charged with interest, would result against the appellant, and at any rate the extra services rendered by Watkins more than repaid the firm for any interest with which he is chargeable. There was no intention on the part of either of the partners to charge interest or pay for services. The commissioner's report, we think, settles this case upon an equitable basis and should have been confirmed. In adopting the commissioner's report as the judgment in this case the court below should require first the costs in that court to be paid out of the partnership fund, as one party is as much in default as the other. The judgment of

the court below is reversed on the original and affirmed on the cross appeal, and for further proceedings consistent with this opinion.